E-FILED
Wednesday, 20 May, 2026  10:12:50 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

ALYSSA DOWLING,
     Plaintiff,

v.

ERIC KOMITEE,
     Defendant.

Case No. 1:26-cv-01202-JEH-RLH

**Order**

Now before the Court is the *pro se* Plaintiff Alyssa Dowling's Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2).[1]  For the reasons set forth below, the Plaintiff's Application to proceed *in forma pauperis* (IFP) is DENIED, and her Complaint (D. 1) is DISMISSED WITH PREJUDICE.

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP.  *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013).  A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).

Here, the Plaintiff's Complaint alleges as her claim that "Defendant displayed discrimination," as a fact that "Eric Komitee failed to show due respect," as her prayer for relief that "the Court grant relief that is just and proper.  Plaintiff requests a chance to amend the Complaint before the dismissal." Pl.'s Compl. (D. 1 at ECF p. 1).  The Plaintiff

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

then declares under penalty of perjury that the foregoing is true and correct.  *Id.*  That is the entirety of the Complaint.

Even construing the Plaintiff's Complaint liberally, as the Court must given her *pro se* status, the Plaintiff's allegations very blatantly fail to state a claim.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]").  The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii).  *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017).  A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together."  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).  Here, the Plaintiff does not provide who, exactly, the parties are, the Plaintiff does not explain the basis for filing in this Court, and the Plaintiff does not provide any context whatsoever for her allegations.

Furthermore, this same Complaint brought by Alyssa Dowling against Defendant Eric Komitee has been filed in numerous courts around the country, including in the U.S. District Court for the District of New Hampshire, the U.S. District Court for the Eastern District of Texas, the U.S. District Court for the Eastern District of Washington, the U.S. District Court for the Western District of Wisconsin, and the U.S. District Court for the District of North Dakota, among many other district courts.[2]  The cases were all filed between May 18, 2026 and May 19, 2026, thus far at least.  Each complaint (at least the several this Court reviewed) is dated April 18, 2026.  The Plaintiff's mailing address is in Wichita, Kansas, but the envelope she mailed her Complaint in here and in the other cases is postmarked in New Jersey.  *See* Pl.'s Compl. (D. 1 at ECF p. 2).

---

[2] *E.g.*, *Dowling v. Komitee*, 1:26-cv-00391-JL-AJ (D.N.H. May 18, 2026); *Dowling v. Komitee*, 1:26-cv-00191-MJT-ZJH (E.D. Tex. May 18, 2026); *Dowling v. Komitee*, 2:26-cv-00218-SAB (E.D. Wash. May 18, 2026); *Dowling v. Komitee*, 3:26-cv-00463-wmc (W.D. Wis. May 18, 2026); *and Dowling v. Komitee*, 1:26-cv-00165-CRH (D.N.D. May 19, 2026).

An action is "malicious" in the context of Section 1915(e)(2)(B)(i) where it is "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Certainly, where a plaintiff files the same complaint with the same meager allegations – really just the barest possible sentences – in 24 courts within just one day of each other, that plaintiff intends to harass either the defendant, the given court, or both. A new tack in these types of cases is apparently now being tried to the extent the Plaintiff requests a chance to amend the Complaint before dismissal. Such a request does not negate the fact of the prolific filing of the exact same Complaint or the strikingly questionable circumstances of this case and the duplicate others (postmark different from the Plaintiff's mailing address, filing the same complaint throughout the country without explanation, etcetera). If anything, the addition of a request to amend before dismissal underscores the filing party's (ies') intent to harass this Court and others.

For the foregoing reasons, the Plaintiff's Complaint (D. 1) is DISMISSED WITH PREJUDICE for failure to state a claim and as malicious. The Application to proceed IFP (D. 2) is DENIED. The Application, submitted under penalty of perjury, is lacking in detail. In any event, the Court will not permit the Plaintiff, who is pursuing a malicious action, to do so without paying the filing fee. The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on May 20, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

3